UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-274-CEH-SPF

DAVID NAYLOR
_____/

**ORDER**

This matter comes before the Court on Defendant David Naylor's Motions for Relief from Undue Burden (Docs. 85, 88), and the Government's responses in opposition (Docs. 87, 90). Naylor asks for assistance because the Department of Veterans Affairs ("VA") is withholding the entirety of his benefits payments for restitution in the instant case.

Upon review and full consideration, and being fully advised in the premises, the motions are due to be denied. Naylor must seek relief from the VA rather than this Court.

BACKGROUND

On September 22, 2020, Naylor waived prosecution by indictment and pleaded guilty to one count of theft of government funds, in violation of 18 U.S.C. § 641. Docs. 11, 13. Naylor was accused of making false representations on his application for disability benefits that resulted in him receiving hundreds of thousands of dollars in benefits to which he was not entitled from the VA and the Social Security Administration. *See* Doc. 52. On August 18, 2021, he was sentenced to a term of 27

months of imprisonment, three years of supervised release, and restitution in the amount of $730,561.73. Doc. 58. The Court ordered Naylor to pay $100.00 per month in restitution upon his release from custody. *Id.* at 7. The Court also indicated that "[a]t any time during the course of post-release supervision [Naylor] may notify the Court of a material change in [his] ability to pay and the Court may adjust the payment schedule accordingly." *Id.*

In his first motion, filed on March 6, 2024, Naylor explained that he has encountered severe financial hardships as a result of the restitution. Doc. 85. Although the Court ordered him to pay only $100.00 per month, the VA has instead withheld his entire disability payment, leaving him with no income. *Id.* at 1-2. Naylor also stated that he and his wife are unable to work due to disabilities. *Id.* at 2. He therefore asked the Court "for guidance, intervention, or any assistance you can provide to rectify this situation," expressing his hope to continue making restitution payments while also supporting his living expenses. *Id.* at 3.

Responding in opposition, the Government argued that the issue was moot, because Naylor's benefits had been reinstated. Doc. 87.

Naylor filed a second motion on August 12, 2024. Doc. 88. He states that since the time of the Government's response, the VA has again announced it will withhold his entire disability payment. *Id.* at 2.

In the Government's second response, it agrees that the VA is now withholding 100% of Naylor's disability benefits, per its policy when restitution is ordered based on benefits fraud. Doc. 90 at 2-3. However, the Government points out that the VA's

2

letter to Naylor directed him to fill out an enclosed form "if a total withholding of your benefit payment is not feasible." *Id.* at 3; Doc. 90-1. Naylor did not return the form or attempt to address the issue with the VA. Doc. 90 at 3. The Government asks the Court to dismiss his motion and direct him to challenge the VA's action through its administrative procedures. *Id.* at 1, 5.

## DISCUSSION

Under the Mandatory Victims Restitution Act, a district court must order restitution payments accounting for the full amount of each victim's losses. 18 U.S.C. § 3664(f)(1)(A). The Court may modify a restitution order upon a showing of a material change in the defendant's circumstances. *Id.* § 3664(k).

However, Naylor does not request a modification of the restitution order. He expresses his desire to continue making restitution payments in the amount ordered by the Court: $100.00 per month. Instead, he asks the Court to assist with the VA's garnishment of his benefits toward restitution.

38 U.S.C. § 5314 directs the VA to deduct the amount of any overpayments from that person's future benefits payments. The VA may not do so, however, until it has made reasonable efforts to notify the person of the proposed deductions and their right to "dispute through prescribed administrative processes the existence or amount of" the debt and their right to request a waiver of the debt. *Id.* § 5314(b).

The Court agrees with the Government that the relief Naylor seeks—adjustment of the amount that the VA is deducting from his benefits payments—is available from the VA rather than this Court. *See id.* Accordingly, he must follow the administrative

3

procedures set forth in the VA's letter or otherwise seek relief directly from the VA. Because the Court lacks jurisdiction to afford Naylor the relief he requests, his motions are due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant David Naylor's Motions for Relief from Undue Burden (Docs. 85, 88) are **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 2, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties