UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  Case No: 8:20-cr-274-CEH-SPF

DAVID NAYLOR

_____/

## ORDER

This matter comes before the Court on Defendant's Emergency Motion to Stay Additional SSA Withholding, to Expedite Ruling on Defendant's Pending Motion, and to Supplement the Record (Doc. 101). In the motion, Defendant David Naylor, who is appearing *pro se*, requests entry of an order that stays the Social Security Administration ("SSA") from withholding any amount above the restitution payments Mr. Naylor was ordered to pay in his criminal case; expedites ruling on Defendant's Motion to Enforce Restitution Order (Doc. 96); and permits Mr. Naylor to supplement §the record with additional evidence. The Government filed a response in opposition (Doc. 103). The Court, having considered the motions and the Government's response, and being fully advised in the premises, will deny Defendant's motions.

## I.    BACKGROUND

On September 2, 2020, Mr. Naylor pled guilty to theft of government property, in violation of 18 U.S.C. § 641. Doc. 4. As detailed in the plea agreement, Mr. Naylor agreed to pay full restitution to both the SSA and the Department of Veterans Affairs ("VA"). *Id.* at ¶¶ 6-7. On October 13, 2020, this Court adjudicated Mr. Naylor guilty.

1

Doc. 16. On August 18, 2021, this Court sentenced Mr. Naylor to 27 months of prison, 3 years of supervised release, and ordered him to pay restitution in the amount of $730,561.73 ($181,135.50 to the SSA and $549,426.23 to the VA). Doc. 58. The Court ordered Mr. Naylor to pay the restitution at a rate of $100/month ($50/month to the SSA and $50/month to the VA). *Id*. From April 23, 2025 to April 23, 2026, the VA withheld a total of $2,225.99 from Mr. Naylor as voluntary restitution payments. Doc. 106. Therefore, Mr. Naylor still owes the Government $653,500.42 in restitution. *Id.*

## II.     DISCUSSION

### Motion to Stay Additional SSA Withholding

Under 42 U.S.C. § 404(a)(1), Overpayments and Underpayments, "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person…proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security." 42 U.S.C.A. § 404 (West). In turn, pursuant to the SSA's regulations:

> Upon determination that an overpayment has been made, adjustments will be made against monthly benefits and lump sums as follows…If the individual to whom an overpayment was made is at the time of a determination of such overpayment entitled to a monthly benefit or a lump sum under title II of the Act, or at any time thereafter becomes so entitled, no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and (d) of this section, until an amount equal to the amount of the overpayment has been withheld or refunded.

> 20 C.F.R. § 404.502(a)(1).

2

The SSA may recover an overpayment by *partial* withholding when withholding the full amount would result in the individual being deprived of necessary income for necessary living expenses. 20 CFR § 404.502(c)(1) (emphasis added). However, partial withholding is not available when "the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information. 20 CFR § 404.502(c)(2).

In the present case, after Mr. Naylor entered a plea agreement with the Government, this Court adjudicated him guilty of stealing $730,561.73 in veterans' benefits from the United States. *See* Docs. 1, 4, 16. Therefore, pursuant to SSA regulations[1], the SSA has a proper basis to adjust Mr. Naylor's benefits by withholding the full amount of any remaining payments that were to be made to Mr. Naylor until full restitution has been made.

In turn, this Court does not have the authority to pause, adjust, or otherwise modify the amount of restitution the SSA deducts from Mr. Naylor's benefits. 42 U.S.C. § 405(g) outlines the procedure by which an individual may challenge the SSA's recovery of overpaid benefits. If Mr. Naylor would like to challenge the SSA's withholding of his benefits, he must do so as outlined in 42 U.S.C. § 405(g).

Moreover, by agreeing to plead guilty to the Indictment, Mr. Naylor specifically acknowledged that "…compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other

---

[1] Namely, as outlined *supra*, 42 U.S.C. § 404(a)(1), 20 C.F.R. § 404.502(a)(1), 20 CFR § 404.502(c)(1), and 20 CFR § 404.502(c)(2).

3

statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment…" Doc. 4 at 14. A criminal plea agreement with the Government is a legally binding contract. Therefore, absent a showing of duress, coercion, mental incapacity, or any other legal basis to nullify a contract, Mr. Naylor's agreement that the Government may, on its own accord and separate from this Court, pursue its own means of restitution, remains legally permissible.

Notedly, because the Government is using statutory means to pursue its own restitution, it does not oppose excusing Mr. Naylor from the monthly $100 payments this Court ordered Mr. Naylor to pay as part of his criminal sentence. Doc. 103 at 8. Mr. Naylor has not replied to this concession by the Government. To the extent Mr. Naylor requests a modification of his monthly $100 restitution payment, ordered by the Court on August 18, 2021 (*see* Doc. 58), he must file a motion requesting such.

### **Motion to Expedite Ruling**

Next, Mr. Naylor urges this Court to expedite ruling on his Motion to Enforce Restitution Order and Compel Agency Compliance (Doc. 96) because the SSA's withholding created an immediate crisis. Doc. 101 at 6. The Government did not respond to Mr. Naylor's request to expedite ruling.

Nevertheless, pursuant to 28 U.S.C. § 1657,

(a) Notwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, any action for temporary or preliminary injunctive relief, or any other action if good cause therefore is shown. For purposes of this subsection, "good cause"

4

is shown if a right under the Constitution of the United States or a Federal Statute (including rights under section 552 of title 5) would be maintained in a factual context that indicates that a request for expedited consideration has merit.

28 U.S.C. § 1657

Here, Mr. Naylor has not identified, as articulated in 28 U.S.C. § 1657, a reason to expedite a ruling on his Motion to Enforce Restitution Order and Compel Agency Compliance (Doc. 96), and the Court declines to find that any such reason exists. Therefore, the motion is due to be denied.

### Motion to Supplement the Record

Finally, Mr. Naylor moves the Court to "accept Exhibits A through D as supplemental record materials." The Government did not respond to Mr. Naylor's request. Here, Mr. Naylor attached four documents to the instant motion. *See* Docs. 101-1, 101-2, 101-3, and 101-4. The Court considered them when reviewing Mr. Naylor's motion. Accordingly, it is

**ORDERED**:

1.    Defendant's Emergency Motion to Stay Additional SSA Withholding (Doc. 101) is **DENIED**.

2.    Defendant's Motion to Expedite Ruling on Defendant's Motion to Enforce Restitution Order and Compel Agency Compliance (Doc. 101) is **DENIED**.

3.    Defendant's Motion to Supplement the Record (Doc. 101) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Tampa, Florida on July 6, 2026.

5

Charlene Edwards Honeywell
United States District Judge

Copies to:

David Naylor, *pro se*

Counsel of Record