**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v. Case No.: 8:20-cr-274-CEH-SPF

DAVID NAYLOR,
___________________________________/

**ORDER**

This matter comes before the Court on Defendant's Motion to Enforce Restitution Order and Compel Agency Compliance (Doc. 96). In the motion, Defendant David Naylor, who is appearing *pro se*, requests this Court to enter an order that: (1) mandates that Mr. Naylor must only pay $100 per month in restitution to the Social Security Administration ("SSA") and the Department of Veteran's Affairs ("VA"); (2) orders the SSA and the U.S. Department of the Treasury to cease any additional withholding above $100/month; (3) orders that restitution payments be made solely to the U.S. District Court Clerk's Office; (4) directs the SSA and VA to produce a full accounting of all withheld amounts from 2018 to the present; and (5) compels a refund of all unlawfully withheld benefits from 2018 to the present. The Government filed a response in opposition (Doc. 99). The Court, having considered the motion and the Government's response, and being fully advised in the premises, will deny Defendant's motion.

## I. BACKGROUND

On September 2, 2020, Mr. Naylor pled guilty to theft of government property, in violation of 18 U.S.C. § 641. Doc. 4. As detailed in the plea agreement, Mr. Naylor agreed to pay full restitution to both the SSA and the VA. *Id.* at ¶¶ 6-7. On October 13, 2020, this Court adjudicated Mr. Naylor guilty. Doc. 16. On August 18, 2021, this Court sentenced Mr. Naylor to 27 months of prison, 3 years of supervised release, and ordered him to pay restitution in the amount of $730,561.73 ($181,135.50 to the SSA and $549,426.23 to the VA). Doc. 58. The Court ordered Mr. Naylor to pay the restitution at a rate of $100/month ($50/month to the SSA and $50/month to the VA). *Id*. From April 23, 2025 to April 23, 2026, the VA withheld a total of $2,225.99 from Mr. Naylor as voluntary restitution payments. Doc. 106. Therefore, Mr. Naylor still owes the Government $653,500.42 in restitution. *Id.*

## II. DISCUSSION

Under 42 U.S.C. § 404(a)(1), Overpayments and Underpayments, "Whenever the Commissioner of Social Security finds that more or less than the correct amount of payment has been made to any person…proper adjustment or recovery shall be made, under regulations prescribed by the Commissioner of Social Security." 42 U.S.C.A. § 404 (West). In turn, pursuant to the SSA's regulations:

> Upon determination that an overpayment has been made, adjustments will be made against monthly benefits and lump sums as follows…If the individual to whom an overpayment was made is at the time of a determination of such overpayment entitled to a monthly benefit or a lump sum under title II of the Act, or at any time thereafter becomes so entitled, no benefit for any month and no lump sum is payable to such individual, except as provided in paragraphs (c) and (d) of this section,

> until an amount equal to the amount of the overpayment has been withheld or refunded.

20 C.F.R. § 404.502(a)(1).

The SSA may recover an overpayment by partial withholding when withholding the full amount would result in the individual being deprived of necessary income for necessary living expenses. 20 CFR § 404.502(c)(1). However, partial withholding is not available when "the overpayment was caused by the individual's intentional false statement or representation, or willful concealment of, or deliberate failure to furnish, material information." 20 CFR § 404.502(c)(2).

In the present case, after Mr. Naylor entered a plea agreement with the Government, this Court adjudicated him guilty of stealing $730,561.73 in veterans' benefits from the United States. *See* Docs. 1, 4, 16. Therefore, pursuant to SSA regulations, the SSA has a proper basis to adjust Mr. Naylor's benefits by withholding the full amount of any remaining payments that were to be made to Mr. Naylor until full restitution has been made.

In turn, this Court does not have the authority to cease, or otherwise modify, the amount of restitution the SSA deducts from Mr. Naylor's benefits. Mr. Naylor argues that pursuant to *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), this Court must enforce the August 18, 2021 Judgment Order (Doc. 5), and it cannot defer to the SSA's policies. Doc. 96 at 5. However, Mr. Naylor's reliance on *Loper Bright* in this instance is misplaced, as the Supreme Court's ruling in *Loper Bright* discusses ambiguous statutes. Here, the SSA regulation permitting the SSA to adjust Mr.

Naylor's benefits is not ambiguous. *See Loper Bright,* 603 U.S. at 413 (2024) ("Courts need not and under the APA may not defer to an agency interpretation of the law simply **because a statute is ambiguous**.") (emphasis added) (quotation modified). Also, 42 U.S.C. § 405(g) outlines the procedure by which an individual may challenge the SSA's recovery of overpaid benefits. If Mr. Naylor would like to challenge the SSA's withholding of his benefits, he must do so as outlined in 42 U.S.C. § 405(g).

Moreover, by agreeing to plead guilty to the Indictment, Mr. Naylor specifically acknowledged that "…compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment…" Doc. 4 at 14. As conceded by Mr. Naylor, a criminal plea agreement with the Government is a legally binding contract. *See* Doc. 96 at 5. Therefore, absent a showing of duress, coercion, mental incapacity, or any other legal basis to nullify a contract, Mr. Naylor's agreement that the Government may, on its own accord and separate from this Court, pursue its own means of restitution, remains legally permissible.

Furthermore, Mr. Naylor also requested that the SSA and VA produce a full accounting of all withheld amounts from 2018 to the present. Doc. 96 at 6. This request is now moot, as the Government both agreed to and provided the requested accounting record. *See* Doc. 99 at 12; Doc. 106.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Enforce Restitution Order and Compel Agency Compliance (Doc. 96) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on September 14, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

Copies to:
David Naylor, *pro se*
Counsel of Record